

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

OFFICE OF THE
GENERAL COUNSEL


MEMO ENDORSED

May 2, 2008

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/5/08
```

Judge Richard J. Sullivan
United States District Court SDNY
500 Pearl Street, Room 615
New York, NY 10007

> Re: **Finazzo v. SEC, Case No. 08-cv-02176**
> **Pre-Motion Conference Request and Request for Extension of Time**

Dear Judge Sullivan:

The Securities and Exchange Commission anticipates filing a Motion to Dismiss the Complaint in this matter. Briefly, the Complaint seeks declaratory and injunctive relief halting a Commission investigation into potential securities law violations by Mr. Finazzo and others. The basis for his requested relief is an alleged breach of Mr. Finazzo's attorney-client privilege by third parties, not by the Commission, that lead to certain public disclosures that triggered the Commission's investigation.

The anticipated bases for the Commission's motion to dismiss are:

1. The Court does not have subject matter jurisdiction, because Congress has not waived sovereign immunity to allow this type of action. The Second Circuit long ago resolved this issue, holding: "a district court has no jurisdiction to award non-monetary relief against an agency on a claim that it is conducting an improper investigation where another statute provides an exclusive avenue of redress, or where the action complained of is committed to agency discretion. The exclusive method for testing the validity of the SEC's investigatory motives or methods is a contested subpoena enforcement proceeding * * *." *Sprecher v. Von Stein*, 772 F.2d 16 (2nd Cir. 1985); *see also Sprecher v. Graber*, 716 F.2d 968 (2nd Cir. 1983) (holding that neither the APA nor Section 1331 waive the Commission's immunity from a suit challenging an investigation). Furthermore, neither the Declaratory Judgment Act nor Fed. R. Civ. Pro. 65 – the only other jursidictional bases alleged in the Complaint – waive sovereign immunity. *See, e.g., Skelly Oil v. Phillips Petroleum*, 339 U.S. 667, 671 (1950); *Warner-Jenkinson Co. v. Allied Chemical Corp.*, 567 F.2d 184 (2nd Cir. 1977) ("The Declaratory Judgment Act * * * does not independently create federal jurisdiction").

2. Even if the Court did have jurisdiction, the Complaint fails to state a claim for which relief can be granted.

a. The claims and issues raised by the Complaint are identical to matters already fully litigated and adjudicated in a subpoena enforcement action the Commission brought against Mr. Finazzo. *SEC v. Finazzo et al.*, S.D.N.Y. Case No. M-18-304 (Baer, J.). It is thus barred by claim and/or issue preclusion. *See, e.g., Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 366 (2nd Cir. 1995) ("The doctrine of res judicata, or claim preclusion, holds that following entry of a valid final judgment, 'the parties to the suit * * * are thereafter bound '* * * as to every matter which was offered and received to sustain <u>or defeat</u> the claim or demand * * *'") (internal citations omitted) (emphasis added); *id.* at 368 ("Collateral estoppel, or issue preclusion, bars the relitigation of issues actually litigated and decided in the prior proceeding, as long as that determination was essential to that judgment").

b. In any event, as a matter of law Mr. Finazzo cannot state a claim because even taking the Complaint's allegations as true, and even assuming that his attorney-client privileged was breached, the Commission was not complicit in such breach. As Judge Baer has already noted, Finazzo's argument advances a "fruit of the poisonous tree" type of analysis. In considering such claims, courts have consistently looked at whether the government had any role in procuring the privileged information and have consistently refused to find any entitlement to remedy if the government was not the cause of any wrongdoing. As Judge Baer also noted, other courts have rejected similar arguments to the one advanced by Finazzo. *See, e.g., SEC v. OKC Corp*, 474 F.Supp. 1031, 1040 (N.D. Tex. 1979); *United States v. Bonnell*, 483 F.Supp. 1070, 1081 (D. Minn. 1979).

The Commission thus respectfully requests a pre-motion conference. Because the Commission's deadline to answer or otherwise respond to the Complaint expires Monday, the Commission also respectfully requests a 2-week extension of time in which to file its Motion to Dismiss. Mr. Zito, counsel for Mr. Finazzo, has indicated that he does not oppose the request for an extension of time.

Sincerely,

Karen J. Shimp
(Unopposed Motion to Appear Pro Hac Vice pending)

*[Handwritten:]* The Court shall hold a pre-motion conference on MAY 13 at 3:30 PM. Plaintiff's response to this letter is due on May 8, 2008.

SO ORDERED
Dated: 5/5/08
RICHARD J. SULLIVAN
U.S.D.J.

*[Handwritten:]* Defendant's time to answer or otherwise respond to the complaint is stayed until the date of the conference.

cc: Robert Zito, counsel for Finazzo, via email

TOTAL P.03