Robert J.A. Zito
Kenneth S. Levine
Laura Anne Reeds
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
(212) 732-3200
*Attorneys for Plaintiff Christopher L. Finazzo*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

|  |  |  |
|---|---|---|
| CHRISTOPHER L. FINAZZO, | : | Index No. 08-cv-02176 (RS) |
|  | : |  |
| Plaintiffs, | : |  |
|  | : | **DECLARATION OF ROBERT** |
| v. | : | **J.A. ZITO IN OPPOSITION TO** |
|  | : | **DEFENDANT'S MOTION TO** |
| SECURITIES AND EXCHANGE | : | **DISMISS** |
| COMMISSION, | : |  |
|  | : |  |
| Defendant. | : |  |

------------------------------------------------------------X

ROBERT J.A. ZITO hereby declares, under penalty of perjury, that the following is true and correct:

1.      I am a member of the law firm of Carter Ledyard & Milburn LLP, located at 2 Wall Street, New York, New York 10005. I represent Plaintiff Christopher L. Finazzo in the above-captioned action. I respectfully submit this declaration in opposition to Defendant's Motion to Dismiss.

2.      On August 10, 2007, Mr. Birnbaum telephoned me and stated that he was "inquiring" about Aéropostale, Inc. and Mr. Finazzo. It is not public knowledge that I represent Mr. Finazzo. Mr. Birnbaum subsequently told me that he obtained my name from "the company." I informed Mr. Birnbaum, in substance, that confidences of Mr. Finazzo, protected under the attorney-client privilege, were misappropriated by Aéropostale's attorneys and

6341497.2

improperly disseminated and that I believed that Aéropostale's public disclosures were the result of such misappropriated confidences. I also told Mr. Birnbaum that the parties were engaged in an arbitration that I believed would resolve all financial issues relating to the company.

      3.      On January 17, 2008, I sent an email to Mr. Birnbaum stating the following:

Mr. Birnbaum,

I understand that Aéropostale, Inc. is in the process of engaging the Katten Muchin firm in connection with the above investigation.

Please be advised that, as will be more fully explained in a formal letter that will be sent to you next week, we strongly object to Katten Muchin having a role in this matter on grounds that, among other things, its lawyers are in possession of privileged information that they have misappropriated from and used against Mr. Finazzo, and that they have violated their ethical obligations in the manner by which they have dealt with such privileged material. These violations are continuing in nature. As a result, the firm and its lawyers are tainted and must be disqualified. I also believe that their involvement potentially violates the procedures set forth in Fed. R. Civ. P. 45 (d)(2)(B).

I would also point that if a litigation ensues over the propriety of the Commission's subpoena, that they are likely to be witnesses regarding the misappropriation of privileged information.

Kindly acknowledge receipt of this communication.

A true and accurate copy of this email is annexed hereto as Exhibit A.

Executed on June 13, 2008.

ROBERT J.A. ZITO

# Exhibit A

**From:** Birnbaum, Michael D. [mailto:BirnbaumM@sec.gov]
**Sent:** Thursday, January 17, 2008 5:52 PM
**To:** Zito, Robert J.A.
**Subject:** RE: Aéropostale, Inc. (NY-7802)

Received.

---

**From:** Zito, Robert J.A. [mailto:Zito@clm.com]
**Sent:** Thursday, January 17, 2008 5:17 PM
**To:** Birnbaum, Michael D.
**Subject:** Aéropostale, Inc. (NY-7802)

Mr. Birnbaum,

I understand that Aéropostale, Inc. is in the process of engaging the Katten Muchin firm in connection with the above investigation.

Please be advised that, as will be more fully explained in a formal letter that will be sent to you next week, we strongly object to Katten Muchin having a role in this matter on grounds that, among other things, its lawyers are in possession of privileged information that they have misappropriated from and used against Mr. Finazzo, and that they have violated their ethical obligations in the manner by which they have dealt with such privileged material.   These violations are continuing in nature.  As a result, the firm and its lawyers are tainted and must be disqualified.  I also believe that their involvement potentially violates the procedures set forth in Fed. R. Civ. P. 45 (d)(2)(B).

I would also point that if a litigation ensues over the propriety of the Commission's subpoena, that they are likely to be witnesses regarding the misappropriation of privileged information.

Kindly acknowledge receipt of this communication.

**Robert J.A. Zito**
Carter Ledyard & Milburn LLP
Two Wall Street
New York, NY  10005
(212) 238-8768/fax (212) 732-3232

*************************************************
IRS Circular 230 Information: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
*************************************************
This e-mail message and its attachments are confidential, intended only for the addressee(s) named above and may contain information that is proprietary, privileged, attorney work product or otherwise exempt from disclosure. If you receive this message in error please notify us at postmaster@clm.com and immediately delete this message and its attachments from your system.
*************************************************