IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER L. FINAZZO, <br><br> Plaintiff, <br><br> vs. <br><br> SECURITIES AND EXCHANGE COMMISSION, <br><br> Defendant. | **08-cv-02176 (RS)** <br><br><br> **REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION BY THE SECURITIES AND EXCHANGE COMMISSION TO DISMISS THE COMPLAINT** |

**TABLE OF CONTENTS**

I.   FINAZZO'S COMPLAINT CHALLENGES THE COMMISSION'S INITIATION AND METHOD OF INVESTIGATION, AND IS THUS BARRED BY SOVEREIGN IMMUNITY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  THE COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED, AND WOULD THUS BE DISMISSIBLE IN ANY EVENT PURSUANT TO FED. R. CIV. PRO. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    A.   Finazzo Has Already Litigated, and a Court Has Already Determined, the Propriety of the Commission's Investigation and the Question of the Proper Forum in Which to Press His Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    B.   The Complaint Fails to State a Claim for Which Relief Can Be Granted Against the Commission, Because the Complaint Does Not (And Cannot) Allege That the Commission Played Any Role in the Alleged Breach of His Privilege. . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**TABLE OF AUTHORITIES**

**CASES**

*Bowen v. Massachusetts*,
    487 U.S. 879 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Buntrock v. SEC*,
    2003 WL 260681 (N.D. Ill. Feb. 6, 2003),
        aff'd 347 F.3d 995 (7th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*,
    56 F.3d 359 (2nd Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*RNR Enterprises, Inc. v. SEC*,
    122 F.3d 93 (2nd Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*SEC v. Beacon Hill Asset Mgmt. LLC*,
    2004 WL 2059702 (S.D.N.Y. Sept. 14, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*SEC v. Falbo*,
    1996 WL 193816 (S.D.N.Y. Jan. 25, 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*SEC v. Forma*,
    117 F.R.D. 516 (S.D.N.Y. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8

*SEC v. Herman*,
    2004 WL 964104 (S.D.N.Y. May 5, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*SEC v. Jerry T. O'Brien, Inc.*,
    467 U.S. 735 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*SEC v. Kingsley*,
    510 F.Supp. 561 (D.D.C. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*SEC v. OKC Corp.*,
    474 F.Supp. 1031 (N.D. Tex. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*SEC v. O'Brien*,
    1992 WL 358831 (D.D.C. Aug. 26, 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*SEC v. R.J. Reynolds Tobacco Holdings, Inc.*,
    2004 WL 3168281 (D.D.C. June 29, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*SEC v. Texas Int'l Airlines, Inc.*,
    1979 WL 184774 (D.D.C. Aug. 3, 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*SEC v. Thrasher*,
    1996 WL 125661 (S.D.N.Y. Mar. 20, 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Sprecher v. Graber*,
    716 F.2d 968 (2nd Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-3, 7

*Sprecher v. Von Stein*,
    772 F.2d 16 (2nd Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Treats International Enterprises, Inc. v. SEC*,
    828 F.Supp. 16 (S.D.N.Y. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*U.S. v. Longo*,
    70 F.Supp.2d 225 (W.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Bonnell*,
    483 F.Supp. 1070 (D. Minn. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*United States v. Lin Lyn Trading, Ltd.*,
    925 F.Supp. 1507 (D. Utah 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**STATUTES**

Administrative Procedure Act Section 701(a),
    5 U.S.C. 701(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Administrative Procedure Act Section 702,
    5 U.S.C. 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Administrative Procedure Act Section 704,
    5 U.S.C. 704 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**RULES**

Fed. R. Civ. Proc. 12(b)(1) ................................................... 10

Fed. R. Civ. Proc. 12(b)(6) ................................................... 10


**OTHER AUTHORITIES**

H.R. No. 94-1656, 94th Cong.2d Sess.,
    *reprinted in U.S. Code Cong. & Ad. News*, 6121 (1976) .......................... 1

The Securities and Exchange Commission files this reply memorandum in support of its motion to dismiss the Complaint.

I. **FINAZZO'S COMPLAINT CHALLENGES THE COMMISSION'S INITIATION AND METHOD OF INVESTIGATION, AND IS THUS BARRED BY SOVEREIGN IMMUNITY.**

Finazzo relies on the Administrative Procedure Act ("APA") to claim that sovereign immunity does not bar this action.[1] However, he does not point to a single case where a court allowed an action like his to proceed. Instead, Finazzo begins by citing only a portion of the APA that ignores the critical clause. The full relevant portion of Section 702 provides:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. * * * Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground * * *.

That last clause is fatal to Finazzo's complaint, because as the Second Circuit explained in *Sprecher v. Graber*, 716 F.2d 968 (2nd Cir. 1983), the traditional limits on judicial review include "where a matter is statutorily committed to agency discretion or where 'another statute provides a form of relief which is expressly or impliedly exclusive.'" *Id.* at 974 (citing H.R. No. 94-1656, p.3, 94th Cong.2d Sess., *reprinted in U.S. Code Cong. & Ad. News*, 6121, 6123, 6132-33 (1976)); *see also* 5 U.S.C. 701(a), 704 (APA does not apply if another statute precludes judicial review, if action is committed to agency discretion, or if there is another adequate remedy in a court).

---

[1] Finazzo's Opposition comes close to asserting that the APA eliminates the defense of sovereign immunity by misleadingly quoting a portion of the Supreme Court's decision in *Bowen v. Massachusetts*. The full quote is actually "§702 [of the APA] was intended to broaden the avenues for judicial review of agency action by eliminating the defense of sovereign immunity <u>in cases covered by the amendment</u> * * *." (emphasis added to identify clause omitted from Finazzo's quote at Opp. p. 10). The Commission has never denied that the APA can waive sovereign immunity, provided all the statutory requirements are met; here, they are not.

The *Sprecher* court first noted that the APA does not permit challenges to Commission investigations because such "investigations are authorized 'in [the Commission's] discretion' by 15 U.S.C. § 78u(a) (1976)." *Id.* Finazzo tries to undermine this portion of the holding by arguing that there is "law to apply" by which to judge the Commission's investigation. Contrary to his argument, the breadth of the Commission's discretion in conducting its investigations and corresponding lack of "law to apply" to those decisions is reflected in the "extremely limited" inquiry available to challenge an investigation. *See, e.g.*, *RNR Enterprises, Inc. v. SEC*, 122 F.3d 93 (2nd Cir. 1997) (discussing the limited inquiry available into whether an agency has exceeded its investigatory power). The one case Finazzo cites for his proposition actually says precisely the opposite: "the pertinent law and regulations do not contemplate or provide objective or manageable criteria to review an exercise of discretion by the SEC as to whom and in what manner it investigates alleged violations of federal securities laws." *Buntrock v. SEC*, 2003 WL 260681, *3 (N.D. Ill. Feb. 6, 2003), *aff'd* 347 F.3d 995 (7th Cir. 2003) (upholding dismissal of suit as barred by sovereign immunity, and characterizing the suit as "frivolous"); *see also Treats International Enterprises, Inc. v. SEC*, 828 F.Supp. 16 (S.D.N.Y. 1993) (similar holding and analysis, also noting at 18-19 that "[f]or a district court to 'conduct some kind of hearing to determine the scope and thrust of the ongoing investigation' would 'drain the resources of the judiciary as well as the Commission' and enable targets of investigations to hamper the SEC's efforts to enforce the securities laws. *SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 750 [1984]").

Moreover, Finazzo's assertion that such "law to apply" is that the Commission does not have "discretion to violate the attorney-client privilege" and his reliance on cases where a party

to the litigation was part of such a violation (Opp. at 12) is a groundless attack.[2] As the Staff has pointed out to Finazzo repeatedly and has represented to at least three courts, the Commission played no role in the alleged breach of his privilege. The Complaint does not — and cannot — allege otherwise.[3]

The *Sprecher* court went on to hold that, in addition to being committed to agency discretion, another (independent) reason the APA does not apply is because investigatory decisions and methods can only be challenged in a subpoena enforcement action. In reaching that conclusion, the court considered and rejected arguments similar to Finazzo's here that the subpoena enforcement inquiry is too limited:

> It is of course true * * * that the procedures and scope of judicial scrutiny under [a subpoena enforcement action] differ considerably from those which would be available in a [plenary action]. That is of little moment, however, for the proviso to Section 702 expressly preserves existing 'limitations upon judicial review.' Sprecher's argument thus runs counter to the very thrust of Section 702, which was designed to waive sovereign

---

[2] The Commission has previously addressed *U.S. v. Longo*, 70 F.Supp.2d 225, 264 (W.D.N.Y. 1999) by noting that case dealt with remedying a situation as between the injured party and the breacher. Here, the Commission did not breach Finazzo's privilege, so the principle does not apply. Likewise, in *United States v. Lin Lyn Trading, Ltd.*, 925 F.Supp. 1507, 1517 (D. Utah 1996), the government itself committed an illegal seizure in violation of the Fourth Amendment, and was punished in part because it secretly kept a copy of the illegally seized document and continued using it even after the court had ordered the original and all copies returned to the defendant. No similar allegations have been — or can be — made here. In *SEC v. Forma*, 117 F.R.D. 516 (S.D.N.Y. 1987), while the court noted in *dicta* the risk undertaken by the Commission in waiting until the enforcement action had been filed to resolve the privilege questions presented, it went on to agree with the Commission that there was no privilege and granted the Commission's motion to compel testimony.

[3] Finazzo's attempts to insinuate otherwise — without offering any good faith basis for doing so — is especially egregious given the lack of such allegations in the Complaint. Moreover, his suggestion that the Commission is using the privileged document itself (Opp. at n.4) is simply wrong, as he has been repeatedly informed. Lastly, the cases he cites in that note say nothing about the government's ability to use innocently-acquired information at least one generation removed from an allegedly privileged source (as is the case here).

> immunity only in situations when specific provisions establishing judicial review do not exist and to leave untouched areas in which such review was barred because the issue was either statutorily committed to agency discretion or in which judicial review was the subject of explicit legislation.
>
> We see no reason to conclude other than that [a subpoena enforcement action] is the <u>exclusive method</u> by which the validity of SEC investigations * * * may be tested in the federal courts. * * * [T]he sole reason for authorizing plenary abuse of process actions in addition to [subpoena enforcement actions] would be a fear that judicial scrutiny in the latter is too circumscribed. That purpose, however, collides head on with the express intention of the Congress in enacting Section 702 to preserve existing 'limitations on judicial review.'

*Id.* at 974-75 (emphasis added). The court later re-iterated this holding, stating that the "exclusive method for testing the validity of the SEC's investigatory motives <u>or methods</u> is a contested subpoena enforcement proceeding * * *." *Sprecher v. Von Stein*, 772 F.2d 16, 18 (2nd Cir. 1985) (emphasis added).

Finazzo attempts to avoid the plain teaching of the *Sprecher* cases by denying that he is challenging the propriety of the Commission's decision to institute its investigation, and/or the means and methods by which it is going about its investigation. Yet his Complaint clearly alleges "[t]hat the Commission's investigation * * * is improper" and "[t]hat * * * the Commission Subpoena served on [Finazzo] is improper and should be quashed." Complaint at ¶¶ 36-37. Similarly, his Opposition is replete with allegations that the investigation is "tainted," (unfounded and unsupported) insinuations about the Commission's involvement in the alleged breach, challenges to the Commission's decision to proceed with its investigation despite knowing about the alleged breach, and complaints about who the Commission has contacted and what documents the Commission has sought and/or used. Finazzo's attempt to deny his own obvious (and explicit) challenge to the propriety and conduct of the investigation is disingenuous.

Finally, Finazzo's claim that the Commission is trying to deny him any forum in which to protect his privilege (*see, e.g.*, Opp. at 13) is simply incorrect. As his own argument points out, the Commission "routinely litigates the scope and extent of various privileges in the district courts" (Opp. at 11)   but <u>not</u> as the defendant in a DJA/injunction action. As the Commission has consistently explained, and as is reflected in every case cited by Finazzo, he has two appropriate fora in which to raise his challenges:

>   (1) To the extent Finazzo is challenging any aspect of the propriety or conduct of the Commission's investigation, the subpoena enforcement action was the exclusive forum. He made all his arguments in that action, all were soundly rejected, and those issues cannot be re-litigated here. Similarly, to the extent Finazzo has a challenge that any document subpoenaed from him is itself privileged, the subpoena enforcement action was the exclusive forum.[4] However, Finazzo has never asserted that any of the documents sought from him by the Commission are privileged.
>
>   (2) To the extent Finazzo has any other privilege challenges, including regarding documents possessed by other persons and his entire "tainted fruits" argument, the proper

---

[4]*See, e.g.*, Opp. at 11 citations to *SEC v. R.J. Reynolds Tobacco Holdings, Inc.*, 2004 WL 3168281 (D.D.C. June 29, 2004) (court resolved contested subpoena enforcement action where requested documents were assertedly privileged, found no privilege or work product protection as to most); *SEC v. Kingsley*, 510 F.Supp. 561 (D.D.C. 1981) (similar); *SEC v. Texas Int'l Airlines, Inc.*, 1979 WL 184774 (D.D.C. Aug. 3, 1979) (similar); *SEC v. O'Brien*, 1992 WL 358831 (D.D.C. Aug. 26, 1992) (in a Rule 60(b) motion by the Commission following a contested subpoena enforcement action, court clarified earlier ruling that certain documents were privileged by explaining that certain other information was not necessarily privileged).

forum is an evidentiary challenge in any enforcement action the Commission brings regarding Finazzo's apparent securities law violations.[5]

Thus, for all Finazzo's assertions that if not this court now, then no court ever, he is simply wrong as a matter of basic law. His attempt to end-run the appropriate processes and halt the Commission's investigation into his actions must be dismissed as barred by sovereign immunity.

**II.    THE COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED, AND WOULD THUS BE DISMISSIBLE IN ANY EVENT PURSUANT TO FED. R. CIV. PRO. 12(b)(6).**

As discussed in the Commission's opening brief, the Complaint should be dismissed for lack of subject matter jurisdiction and the Court need not reach the Commission's remaining arguments. Nonetheless, it bears re-iterating that the Complaint would be dismissible in any event because Finazzo's claims are barred from re-litigation and/or fail to state a legal claim for which Finazzo is entitled to any relief.

**A.    Finazzo Has Already Litigated, and a Court Has Already Determined, the Propriety of the Commission's Investigation and the Question of the Proper Forum in Which to Press His Claims.**

Finazzo's Opposition strives to distinguish the claims and demands for relief in the Complaint from his defenses and demands in the subpoena enforcement action, yet the Complaint plainly states that he is seeking a declaration "[t]hat the Commission's investigation

---

[5]*See, e.g.*, Opp. at 11 citations to *SEC v. Beacon Hill Asset Mgmt. LLC*, 2004 WL 2059702 (S.D.N.Y. Sept. 14, 2004) (motion to compel brought by Commission in a filed enforcement action); *SEC v. Herman*, 2004 WL 964104 (S.D.N.Y. May 5, 2004) (in filed enforcement action, successfully pierced asserted attorney-client privilege by invoking crime-fraud exception); *SEC v. Thrasher*, 1996 WL 125661 (S.D.N.Y. Mar. 20, 1996) (in filed enforcement action, defendant required to produce certain information about allegedly privileged documents); *SEC v. Falbo*, 1996 WL 193816 (S.D.N.Y. Jan. 25, 1996) (in filed enforcement action, held that defendant waived attorney-client privilege by giving certain testimony about alleged conversations with that attorney).

* * * is improper," "[t]hat * * * the Commission Subpoena served on him is improper and should be quashed," and "[t]hat all subpoenas issued by the Commission * * * must be quashed." Complaint at ¶¶ 36-37, 43. Those claims were incontestably offered as defenses by Finazzo in the subpoena enforcement action, were fully litigated, were soundly rejected by Judge Baer, and were necessary to his finding that the investigation is not improper and that accordingly none of the contested subpoenas will be quashed. Thus, Finazzo is barred from re-litigating those questions in this proceeding. *See, e.g.*, *Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359 (2nd Cir. 1995) (elements of issue preclusion are identical issues, actually litigated and decided in a prior proceeding where there was "fully and fair opportunity" for litigation, necessary to support that earlier judgment on the merits).

    Similarly, the Complaint plainly states that Finazzo is seeking a declaration that "the Commission is prohibited from using information that was obtained directly or indirectly from any privileged sources," that "simply disallowing receipt of privileged material into evidence will be insufficient," and that the Commission should be precluded "from using any information that was obtained directly or indirectly from any privileged sources." Complaint at ¶¶ 40(f), 42, 44. This issue was also raised by Finazzo in his defense to the subpoena enforcement action, was also fully litigated, and was also rejected by Judge Baer in an opinion necessary to his conclusion that the proper forum for raising this <u>evidentiary</u> issue is in any ensuing action brought by the Commission against Finazzo. Thus, Finazzo is also barred from re-litigating the question of the proper forum in which to raise his evidentiary issues.[6]

---

[6]Finazzo's attempt to distinguish the holding in *Sprecher v. Graber* that re-litigation is barred where the additional discovery that might be permitted in a plenary proceeding would not lead to a different result is unavailing. The Commission has assumed the truth of all

The remaining allegations and requests for relief in the Complaint are directed not at the Commission, but at a variety of third parties not named as defendants. *See, e.g.*, Complaint at ¶¶ 5-19, 21, 24-28, 33-35. Those allegations fail to state any claim against the Commission. Thus, the Complaint should be dismissed as an impermissible attempt to re-litigate that which has already been adjudicated.

      **B.**      **The Complaint Fails to State a Claim for Which Relief Can Be Granted Against the Commission, Because the Complaint Does Not (And Cannot) Allege That the Commission Played Any Role in the Alleged Breach of His Privilege.**

Lastly, as noted in the Commission's initial brief, there is an ample line of persuasive authority that where, as here, the government played no role in the alleged breach of a defendant's privileges the defendant cannot get any relief from the government in the form of suppression, much less the greater relief sought by Finazzo here of avoiding an investigation altogether.[7] Finazzo, on the other hand, has not cited a single case where a defendant was allowed any relief vis-a-vis a government that had not itself been involved in the alleged wrongdoing.[8]

---

allegations in the Complaint and demonstrated that it would still prevail as a matter of law, and Finazzo points to no discovery that would be likely to lead to a different result.

    [7]Finazzo's statement that the cases cited by the Commission are distinguishable because in those cases "the government could rightly claim to have had no involvement whatsoever in the procurement of the privileged material" (Opp. at n.6) is a baseless attack. *See* pp. 2-3, above.

    [8]The Commission has previously addressed *Beiny* and *Longo* at n.12 of its Motion to Dismiss. To those, Finazzo has now added *U.S. v. Lin Lyn Trading, Ltd.*, 925 F.Supp. 1507 (D. Utah 1996), and *SEC v. Forma*, 117 F.R.D. 516 (S.D.N.Y. 1987), which are addressed at n.2, above. Regarding *Forma*, it is also worth noting that Finazzo again misleadingly quotes only a selected portion; the full quote is "[t]hus, <u>if Mr. Tucker's breach of the attorney-client privilege was the result of misconduct by the SEC</u>, suppression of his testimony would be required." (at 523; emphasis added) The court went on to find that the Commission had not engaged in any

Finazzo weakly attempts to distinguish his case from every other case of its ilk by asserting that he is not seeking a "blanket injunction" of the Commission's investigation, and he "is not claiming here that the Staff has engaged in an improper investigation." Opp. at 16. Those assertions are thoroughly refuted by his own Complaint, which plainly states otherwise: "the only remedy that would sufficiently ameliorate the prejudice caused by the [third-party] breach of his attorney-client privilege would be to enjoin the Commission and its Staff from using <u>any</u> <u>information</u> that was obtained <u>directly or indirectly</u> from any privileged sources." Complaint at ¶ 44 (emphasis added). Earlier, the Complaint states even more plainly the scope of his requested relief: "<u>But for</u> the [allegedly] wrongful review of the Attorney Siegel Email, its contents and attachment, the privileged FFA Document would not have been disclosed, and <u>would not have led to an investigation</u> by the Commission. * * * Mr. Finazzo must be returned to the *status quo ante*." Complaint at ¶ 29 (emphasis added); *see also* Complaint at ¶¶ 36-37.

Similarly, Finazzo tries to distinguish the *Bonnell* and *OKC* cases (where the courts refused to accept arguments remarkably similar to Finazzo's, albeit in the proper subpoena enforcement forum) by arguing that "there the SEC had no knowledge of the privileged nature of the documents at issue," and "those cases were specifically limited to attorney work-product and did not involve the attorney-client privilege." Opp. at 12 n.4. The first proposition is simply absurd: obviously the government knew the documents were assertedly privileged, as it litigated the issue of its right to continue an investigation that was founded on an alleged breach by a third party. The second proposition is simply incorrect: the *OKC* case did address an assertion of attorney-client privilege. 474 F.Supp. at 1039-40 (under heading "III. Privilege" and concluding

---

misconduct, and accordingly did not suppress any evidence gathered in the investigation.

"The ultimate truth is that <u>the attorney-client privilege</u> does not enjoy that level in the hierarchy of values contended for by OKC") (emphasis added).  In *Bonnell* the court also addressed an attorney-client privilege assertion, but found no privilege.  483 F.Supp. at 1076-77.  The court then went on to address a work product claim, but specifically noted that its analysis was not limited to that situation: "the analysis that follows is applicable also to <u>all fruits defenses</u>." *Id.* at n.17 (emphasis added).

## CONCLUSION

The Commission respectfully requests that the Complaint be dismissed for lack of subject matter jurisdiction and/or for failure to state a claim for which relief can be granted.  Fed. R. Civ. Proc. 12(b)(1), (6).

June 25, 2008

Respectfully submitted,

RICHARD M. HUMES
Associate General Counsel


MELINDA HARDY
Assistant Attorney General Counsel


*/s/ Karen J. Shimp*
KAREN J. SHIMP
Senior Counsel


U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street NE
Washington, DC 20549-9612
Tel: (202) 551-5007 (Ms. Shimp)
Fax: (202) 772-9263
shimpk@sec.gov