# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Nº 08 Civ. 2176 (RJS)

CHRISTOPHER L. FINAZZO,

Plaintiff,

VERSUS

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8|11|08

SECURITIES AND EXCHANGE COMMISSION,

Defendant.

MEMORANDUM AND ORDER
August 5, 2008

RICHARD J. SULLIVAN, District Judge:

Plaintiff Christopher L. Finazzo brings this action against the Securities and Exchange Commission ("SEC"), seeking declaratory and injunctive relief prohibiting the SEC from, *inter alia*, "using any information that was obtained directly or indirectly from any privileged sources" in connection with the SEC's investigation of Finazzo. (*See* Compl. ¶ 45.) The SEC now moves to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal

Rules of Civil Procedure. For the reasons that follow, the SEC's motion is granted.

## I. BACKGROUND

### A. Facts

"In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.

2000); (citing *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)). However, in reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all well-pleaded allegations contained in the complaint to be true, and view all reasonable inferences that can be drawn from such allegations in the light most favorable to the plaintiff. *See Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1965 (2007); *Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999).

The complaint alleges that from February 1, 2004 to November 7, 2006, plaintiff was employed by Aéropostale, Inc. ("Aéropostale"). (Compl. ¶ 5.) On August 24, 2006, plaintiff's personal attorney, Angela Siegal, sent an email to plaintiff at his Aéropostale email address (the "Siegal Email"). (*Id.* ¶ 7.) Attached to the Siegal Email was a document entitled "Finazzo Family Assets" that listed all of plaintiff's assets, including ownership interests in business entities. (*Id.* ¶ 9.) Siegal prepared this document based on confidential information given to her by plaintiff. (*Id.*)

In September 2006, Aéropostale, together with the law firm of Kattan Muchin Rosenman LLP ("KMR") and Kroll, Inc. ("Kroll"), commenced an internal investigation of the company, related to certain hotel expenses charged in connection with a company conference.[1] (*Id.* ¶ 10.) As

part of that investigation, Kroll and/or KMR located, opened and read the Siegal Email and its attachment. (*Id.* ¶ 11.) Certain information in the attachment, including plaintiff's apparent interest in South Bay Apparel, Inc. (one of Aéropostale's primary vendors), was communicated to Aéropostale, which later fired plaintiff on or about November 8, 2006 for failure to disclose these ownership interests. (*Id.* ¶¶ 14-16.)

On January 10, 2008, the SEC issued a formal Order of Investigation relating to plaintiff's employment with Aéropostale, and later served plaintiff with a subpoena, dated January 16, 2008, seeking documents and testimony from plaintiff. (*Id.* ¶ 20.) Plaintiff's attorney wrote to Aéropostale on January 16, 2008, stating that plaintiff's emails with his attorney, and all information derived from those emails, were privileged, and should not be produced to the SEC. (*Id.* ¶ 21.) Plaintiff's attorney also wrote to the SEC on January 25, 2008 in response to the subpoena, advising the SEC of purported "misconduct" on the part of Aéropostale and KMR, and requesting that the SEC seek judicial approval of the investigation. (*Id.* ¶¶ 22-23.)

### B. Procedural History

On February 27, 2008, the SEC commenced an administrative proceeding to enforce the January 16 subpoena issued to plaintiff. On March 27, 2008, the Honorable Harold Baer, Jr., District Judge, granted the SEC's application and ordered plaintiff to comply with the SEC's subpoena within 10

---

[1] At the conference on May 22, 2008, the Court discussed with the parties the possible recusal issue arising out of the undersigned's previous affiliation with Kroll, Inc. by virtue of his position as deputy general counsel of Marsh & McLennan, Inc., of which Kroll is a wholly-owned subsidiary. (*See* Transcript of May 22, 2008 Conference at 3-6.) At a subsequent conference on May 27, 2008, the parties both indicated

that the undersigned's prior affiliation with Kroll did not necessitate recusal in this matter. (*See* Transcript of May 27, 2008 Conference at 3-7.) The Court agrees. Accordingly, the Court will not recuse itself and will consider the motion.

days. *See id.* at 229. Specifically, Judge Baer found that the subpoenas were not issued in bad faith or for an improper purpose, that the subpoenas sought non-privileged information, and that any determination as to whether the Siegal Email itself was privileged or not was "irrelevant to this subpoena enforcement proceeding." *See id.* at 227-29.

Plaintiff subsequently moved, pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, for a stay of Judge Baer's order pending appeal of the order to the Second Circuit. *See SEC v. Finazzo*, No. M18-304 (KMW), 2008 WL 1721517, at *1 (S.D.N.Y. Apr. 11, 2008). The Honorable Kimba M. Wood, District Judge, denied plaintiff's request for a stay, except that plaintiff was given until April 15, 2008 to comply with Judge Baer's order, giving plaintiff time to apply to the Second Circuit for a stay.[2] *See id.* at *5.

On March 4, 2008, prior to Judge Baer's decision, plaintiff filed the instant action. Subsequently, the Court conducted two conferences, on May 22, 2008 and May 27, 2008, at which the Court set a briefing schedule on the instant motion.

## II. DISCUSSION

### A. Jurisdiction

The SEC first argues that the Court must dismiss the complaint for lack of subject

matter jurisdiction given that the action is barred by the doctrine of sovereign immunity. (*See* SEC Mem. at 7-10.) Plaintiff responds that the Court may properly exercise jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* ("APA") and 28 U.S.C. § 1331. (*See* Compl. ¶ 2; Pl.'s Opp'n at 10-14.) Plaintiff also argues that the Court has the authority to grant discretionary relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* (the "DJA"). (*See* Compl. ¶ 2.) For the reasons that follow, the Court finds that plaintiff's action is barred by sovereign immunity.

### 1. Legal Standard

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *Dew v. United States*, 192 F.3d 366, 371 (2d Cir. 1999). As an agency of the federal government, the SEC is shielded by sovereign immunity. *See DL Capital Group, LLC v. Nasdaq Stock Market, Inc.*, 409 F.3d 93, 97 (2d Cir. 2005) (citing *Barbara v. New York Stock Exchange, Inc.*, 99 F.3d 49, 59 (2d Cir. 1996)).

Nevertheless, the APA provides for a limited waiver of sovereign immunity. Specifically, under § 702 of the APA,

[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief

---

[2] The Second Circuit denied plaintiff's request for a stay of Judge Baer's order on May 8, 2008. *See SEC v. Finazzo*, No. 08-1733 (2d Cir. May 8, 2008). Plaintiff's appeal is presently pending. (*See* Pl.'s Opp'n at 8.)

other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. . . Nothing herein (1) affects *other limitations on judicial review* or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground . . . .

5 U.S.C. § 702 (emphasis added). This waiver is limited, however, by § 701(a) of the APA, which states that no waiver will apply where "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). In the context of an SEC investigation, the Second Circuit has held that "a district court has no jurisdiction to award non-monetary relief against an agency on a claim that it is conducting an improper investigation where another statute provides an exclusive avenue of redress, or where the action complained of is committed to agency discretion." *Sprecher v. Von Stein*, 772 F.2d 16, 18 (2d Cir. 1985) (citing *Sprecher v. Graber*, 716 F.2d 968, 974 (2d Cir. 1983)); *see also Treats Int'l Enters. Inc. v. SEC*, 828 F. Supp. 16, 17-18 (S.D.N.Y. 1993). Accordingly, the relevant question before the Court is whether either of the § 701(a) exceptions to the APA's waiver of sovereign immunity applies in the instant case to bar this action.

2. Analysis

a. Section 78u(c) Provides an Exclusive Avenue of Redress

The SEC first argues that sovereign immunity bars this action because, under Second Circuit law, 15 U.S.C. § 78u(c) provides an "exclusive avenue of redress" and thus there is no waiver of sovereign immunity under the APA in actions against the SEC relating to the propriety of a subpoena or investigation. (Def.'s Mem. at 8-10; Def.'s Reply at 3-5.) Plaintiff responds that *Graber* and *Von Stein* are distinguishable, and that he "is not claiming that the subpoenas were issued in bad faith or for an improper purpose," but rather that "the Staff may not use privileged information or information derived from such privileged information in connection with its investigation." (Pl.'s Opp'n at 14.) The Court finds that the SEC is correct, and that sovereign immunity bars this action pursuant to § 701(a)(1).

*Sprecher v. Graber* involved an action by an individual to whom the SEC had issued a subpoena *duces tecum* as part of an inquiry into possible violations of the securities laws. 716 F.2d at 971. After the plaintiff's motion to quash the subpoena was denied, plaintiff filed a separate action against the SEC. *Id.* The SEC then applied for an order enforcing the subpoena. The district court granted the SEC's request for enforcement of the subpoena, and the Second Circuit affirmed. *Id.* The SEC then moved to dismiss the plaintiff's separate action against the SEC on sovereign immunity grounds. *Id.*

In affirming the district court's dismissal of the separate action against the SEC, the

4

Second Circuit first noted that the legislative history behind the enactment of § 702 "amply demonstrates that Congress did not intend to waive sovereign immunity . . . where 'another statute provides a form of relief which is expressly or impliedly exclusive.'" *Id.* at 974 (quoting H.R. No. 94-1656, p.3, 94th Cong. 2d Sess., *reprinted in U.S. Code Cong. & Ad. News*, 6121, 6123 (1976)). The court then turned to 15 U.S.C. § 78u, which governs SEC investigations. *Id.* The court pointed out that the SEC was authorized to issue subpoenas pursuant to § 78u(b), and that, pursuant to § 78u(c), "parties who are the subject of such subpoenas are free in a proceeding under that section to raise claims of abuse of process . . . ." *Id.* The court concluded from this that § 78u(c) is the "exclusive method" by which the subject of a subpoena may challenge the validity of an SEC investigation and/or subpoena.[3] *Id.* at 975. Two years later, in *Sprecher v. Von Stein*, the Second Circuit followed the holding in *Graber*, finding that "[t]he exclusive method for testing the validity of the SEC's investigatory motives or methods is a contested subpoena enforcement proceeding under 15 U.S.C. § 78u(c) . . . ." 772 F.2d at 18; *see also Treats Int'l Enters., Inc. v. SEC*, 828 F. Supp. 16, 17-18 (S.D.N.Y. 1993).

The Court finds that *Graber* and *Von Stein* are controlling here, and that the § 701(a)(1) exception to the APA's waiver of

sovereign immunity clearly applies here. The Second Circuit's finding that 15 U.S.C. § 78u(c) provides the "exclusive method for testing the validity of the SEC's *investigatory motives or methods*," *Von Stein*, 772 F.2d at 18 (emphasis added), forecloses this action in which plaintiff seeks that very relief. Judge Baer has already conducted a subpoena enforcement proceeding pursuant to 15 U.S.C. § 78u(c), and ordered plaintiff's compliance with the subpoena, finding that the SEC's investigation is proper. *See SEC v. Finazzo*, 543 F. Supp. 2d at 227-29. The law is clear that plaintiff may not attempt an end run around that ruling by pursuing this separate action.

Furthermore, to the extent that plaintiff claims that dismissal of this action would deny him a forum in which to adjudicate his privilege claims, he is incorrect. The proper arena for plaintiff's challenge to the SEC's use of the Siegal Email would be the enforcement action, *if any*, brought by the SEC against plaintiff. *See, e.g., SEC v. Forma*, 117 F.R.D. 516, 519 (S.D.N.Y. 1987) (denying, in the context of an SEC enforcement proceeding, defendant's motion to suppress deposition testimony on the grounds that the SEC improperly obtained a waiver of the attorney-client privilege).

Accordingly, this action is dismissed on the grounds of qualified immunity.[4]

---

[3] While the court noted that "the existence of dual and non-exclusive proceedings to challenge such matters is not unthinkable," the court found that the authorization of "plenary abuse of process actions in addition to Section 78u(c) proceedings" would "collide[] head on with the express intention of the Congress in enacting Section 702 to preserve existing 'limitations on judicial review.'" *Graber*, 716 F.2d at 974.

[4] Plaintiff has also asserted that the Court has the authority to grant discretionary relief pursuant to the DJA and/or Rule 65 of the Federal Rules of Civil Procedure. (*See* Compl. ¶ 2.) However, plaintiff appears to have abandoned any claim that the DJA itself or in conjunction with Rule 65 provides for a waiver of sovereign immunity, having failed to address the argument in his opposition papers. Accordingly,

b. The Court Will Not Review the SEC's Discretionary Decision to Investigate Plaintiff

Even if the Court were to conclude that the § 701(a)(1) exception did not apply, the SEC alternatively contends that its decision to investigate plaintiff "is committed to agency discretion by law," and thus the exception to the waiver found in § 701(a)(2) would also require dismissal of this action. (*See* Def.'s Reply at 2-3.) Plaintiff responds that the exception found in § 701(a)(2) is "'very narrow' and applies only 'in those rare instances where statutes are drawn in such broad terms that in a given case there is no law to apply.'" (Pl.'s Opp'n at 12 (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971).) Plaintiff asserts that the Securities Exchange Act of 1934, 15 U.S.C. 78a *et seq.* ("Exchange Act"), does not provide the SEC with discretion to violate the attorney-client privilege, and thus there is "law to apply" in order to evaluate the SEC's exercise of its discretion. (*Id.* (citations omitted).) The Court finds that, under the case law of this Circuit, the Court may not evaluate the SEC's discretion in this manner, and thus, a finding of qualified immunity pursuant to the exception found in § 701(a)(2) is appropriate.

Again, "[a] district court has no jurisdiction to award non-monetary relief against an agency on a claim that it is conducting an improper investigation . . .

where the action complained of is committed to agency discretion." *Von Stein*, 772 F.3d at 18; *see also Graber*, 716 F.2d at 974; *Treats*, 828 F. Supp. at 18 ("[T]he § 701(a)(2) exception applies 'if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.'") (quoting *Heckler v. Chaney*, 470 U.S. 821, 830 (1985)). In *Treats*, the court noted that § 78u(a) "provides that the SEC 'may, in its discretion, make such investigations as it deems necessary to determine whether any person has violated, is violating or is about to violate any provisions' of the act or rules regulating securities exchanges." 828 F. Supp. at 18 (quoting 15 U.S.C. § 78u(a)). The *Treats* court thus found that "[t]he statute itself suggests no standards by which the SEC's discretion to investigate [plaintiff] may be reviewed." *Id.* The court also noted that the "general and exhortatory language" in the SEC's own regulations, located at 17 C.F.R. § 200.66, "does little to limit the discretion of the SEC in determining to investigate a particular case; it requires that its discretion be exercised on the facts and in good faith." *Id.* Based on these findings, the court concluded that "[s]uch a 'standard' is not judicially manageable: to apply it would require a plenary review of not only the particular facts but such intangibles as the commissioners' experience, the allocation of agency resources, the status of related investigations, and the like, in clear contravention of Congress' decision to confide the investigative determination to the SEC." *Id.* (citations omitted). The court found that the SEC had made the "minimal showing" necessary, and granted defendant's motion to dismiss on the grounds that plaintiff's complaint was beyond the limited

---

the Court concurs with defendant and finds that neither the DJA nor Rule 65 provides for a waiver of sovereign immunity here. (*See* Def.'s Mem. at 8 (citing *Skelly Oil v. Phillips Petroleum*, 339 U.S. 667 (1950) and *Warner Jenkinson Co. v. Allied Chem. Corp.*, 567 F.2d 184 (2d Cir. 1977).)

scope of review available to the court. *Id.* at 19.

The Court finds the analysis employed in *Treats* to be compelling. The difference in this case is that plaintiff argues that the standard here *is* judicially manageable, in that the court is able to make a determination as to whether the documents at issue were privileged, and thus whether the SEC acted within its discretion in using privileged documents in connection with the subpoena to plaintiff. Yet plaintiff cites to no case, and the Court is not aware of one, in which a district court has considered an analysis of attorney-client privilege to be a "'meaningful standard against which to judge the agency's exercise of discretion'" in the context of § 701(a)(2). 828 F. Supp. at 18 (citing *Heckler v. Chaney*, 470 U.S. 821, 830 (1985)). Indeed, in *Buntrock v. SEC*, No. 02 Civ. 1274 (WRA), 2003 WL 260681, at *3 (N.D. Ill. Feb. 6, 2003), cited by plaintiff, the court cited *Treats* and likewise found that "the SEC's ethical regulation does little to limit the discretion of the SEC in deciding to initiate enforcement actions" and "provide[s] no basis by which this Court can review the agency's discretionary decision to file enforcement actions," even where the plaintiff asserted that the SEC was acting unethically in pursuing the investigation. While the SEC may risk suppression of evidence at a later time by pursuing an investigation based on arguably privileged information, that risk is the SEC's to take. *See SEC v. Forma*, 117 F.R.D. at 526-27 ("[I]t is possible for an agency to breach the attorney-client privilege and then secure a ruling validating its action. However . . . if the agency is wrong and the violation of the privilege is found to have been improper,

the agency risks suppression of *all* evidence attributable to the breach . . . .").

The cases of *United States v. Longo*, 70 F. Supp. 2d 225 (W.D.N.Y. 1999) and *United States v. Lin Lyn Trading, Ltd.*, 925 F. Supp. 1507 (D. Utah 1996) are inapposite, as the court in each of those cases addressed a defendant's motion to suppress evidence in a *criminal* prosecution based on alleged violations of the attorney-client privilege, not an action initiated by a plaintiff wishing to enjoin an SEC investigation.[5] Again, plaintiff's assertion that dismissal of this action would foreclose him from any relief is belied by the fact that, should the SEC bring an enforcement action against him, plaintiff will be free to make an evidentiary challenge to the SEC's use of the Siegal Email in conjunction with that proceeding. Indeed, this avenue of relief is supported by the eight cases cited by plaintiff in his opposition brief for the proposition that "the Staff routinely litigates the scope and extent of various privileges in the district courts." (*See* Pl.'s Opp'n at 11.) In all of these cases, the SEC was the *plaintiff*, either in a subpoena enforcement proceeding or an official action brought by the SEC. (*See id.* (collecting cases)); *see also SEC v. Forma*, 117 F.R.D. at 519 (litigating privilege issues in the contest of an enforcement action brought by the SEC).

---

[5] Moreover, in *Longo*, the Court declined defendant's motion to suppress as moot where the government represented that "it did not intend to introduce any information protected by the attorney-client privilege at trial," *Longo*, 70 F. Supp. 2d at 266, again illustrating that plaintiff's arguments are premature, in that no SEC enforcement action has yet been commenced.

7

The Court follows the reasoning employed in *Treats*, and finds that § 701(a)(2) provides no basis on which to review the SEC's discretionary decision to commence an enforcement action and issue a subpoena to defendant based on documents plaintiff contends are privileged. Accordingly, § 701(a)(2) provides an independent ground on which to find that sovereign immunity has not been waived, and that plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.[6]

### III. CONCLUSION

For the foregoing reasons, the SEC's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is GRANTED. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

RICHARD J. SULLIVAN
United States District Judge

Dated: August 5, 2008
    New York, New York

\* \* \*

Plaintiff is represented in this action by Alan S. Lewis, Esq., Kenneth S. Levine, Esq., Laura Anne Reeds, Esq., Michael Shapiro, Esq., and Robert J. A. Zito, Esq., Carter Ledyard & Millburn LLP, 2 Wall Street, New York, New York 10005. Defendant is represented by Karen J. Shimp, Esq., United States Securities and Exchange Commission, 100 F Street NE, Washington, D.C. 20529.

---

[6] Because the Court has concluded that it does not have jurisdiction to review the SEC's actions, the Court need not address defendant's arguments raised pursuant to Rule 12(b)(6). *See, e.g., Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) (noting that a dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(1) may operate to moot remaining arguments).

8